# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD AND ANDREA TARRANT, | ) **Case No.:** |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) **(Unlawful Debt Collection Practices)** |
| J.A. CAMBECE LAW OFFICE, P.C., | ) |
| Defendant. | ) |

## COMPLAINT

EDWARD AND ANDREA TARRANT ("Plaintiff"), by their attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against J.A. CAMBECE LAW OFFICE, P.C., ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

- 1 -

U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3.    Defendant conducts business in the state of Massachusetts and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.    Plaintiffs are natural persons residing in Onsett, Massachusetts.

7.    Plaintiffs are both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.    Defendant is a debt collector doing business without a license as required by Massachusetts law, having its principal place of business at 8 Bourbon Street, Peabody, Massachusetts, 01960.

9.    Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiffs.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

- 2 -

## PRELIMINARY STATEMENT

11.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. <u>See</u> 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.   15 U.S.C. § 1692k.   The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §

1692f.   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e.

PLAINTIFFS' COMPLAINT

# FACTUAL ALLEGATIONS

15.     At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to a credit card.

16.     The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

17.     On February 5, 2010 a complaint was served on Plaintiff Edward Tarrant at his parent's address.

18.     The Complaint sought damages in the amount of $2,414.42, which included amounts which were not expressly authorized by agreement or law.  <u>See</u> Exhibit "A".

19.     Prior to February 5, 2010 Plaintiffs received no written correspondence and/or telephone calls from Defendant.

20.     Plaintiff Andrea Tarrant immediately contacted Defendant to find out more information about the alleged debt.

21.     Plaintiff Andrea Tarrant was advised by Defendant's representative that if they made payments the lawsuit filed against Plaintiff Edward Tarrant would not proceed forward.

22.     Plaintiff Andrea Tarrant advised Defendant that her husband lost his job, her pay was cut and that her ex-husband cut off child support and therefore they could afford to pay the alleged debt at this time.

PLAINTIFFS' COMPLAINT

23.    Defendant's representative advised Plaintiff that they had researched the finances of Plaintiff Edward Tarrant's mother and believed she was in a position to pay the debt.

24.    According to Defendant Plaintiff Edward Tarrant's mother was a co-signor of the debt.

25.    Plaintiff Andrea Tarrant advised Defendant's representative that her mother-in-law was also recently unemployed and could not pay for the debt, and further that she was not responsible for this alleged debt.

26.    Believing that there was no alternative, Plaintiff indicated her husband could pay $200 per month, but Defendant refused this amount indicating its client would only accept full payment.

27.    Defendant's representative also indicated that failure to pay would result in a lien being put on Plaintiff, Edward Tarrant's mother's home.

28.    Later that same day Plaintiff Andrea Tarrant, who does not owe any alleged debt, received multiple telephone calls to her place of employment.

29.    One voice message she received from Defendant's representative "Addie Florio" indicated that "[her] husband was talking crazy" and requested a call back to discuss the matter.

PLAINTIFFS' COMPLAINT

29.    Defendant contacted Plaintiffs several more times that day and in one discussion threatened to contact Edward's mother regarding this matter, despite Plaintiffs requested that Defendant not contact Edward's mother.

30.    Following these repeated telephone calls on February 5, 2010, Defendant failed to send any written correspondence to Plaintiff Edward Tarrant within five days as required under the FDCPA.

## CONSTRUCTION OF APPLICABLE LAW

31.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

32.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA)

1  15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in

2  favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

3

4      33.   The FDCPA is to be interpreted in accordance with the "least

5  sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168

6  (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v.

7  Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA

8  was not "made for the protection of experts, but for the public - that vast multitude

9  which includes the ignorant, the unthinking, and the credulous, and the fact that a

10 false statement may be obviously false to those who are trained and experienced

11 does not change its character, nor take away its power to deceive others less

12

13 experienced." Id.   The least sophisticated consumer standard serves a dual

14 purpose in that it ensures protection of all consumers, even naive and trusting,

15 against deceptive collection practices, and protects collectors against liability for

16

17 bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at

18 1318.

19

20

21                              **COUNT I**
                    **DEFENDANT VIOLATED THE FAIR DEBT**
22                  **COLLECTION PRACTICES ACT**

23      34.   In its actions to collect a disputed debt, Defendant violated the

24 FDCPA in one or more of the following ways:

25

                              - 8 -

i.     Communicating with Plaintiff at a place known to be inconvenient, specifically at Plaintiff Andrea Tarrant's place of employment in violation of 15 U.S.C. §1692c(a)(3).

ii.    Communicating with third parties regarding information that went beyond acquisition of location information in violation of 15 U.S.C. §1692b and repeated communications with third persons in violation of §1692b(3).

iii.   Engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff with the collection of a debt, specifically repeatedly contacting Plaintiff Andrea Tarrant at her place of employment, in violation of 15 U.S.C. § 1692d.

iv.    Using false, deceptive or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e.

v.     Misrepresenting that failure to pay would result in the seizure of property in violation of 15 U.S.C. § 1692e(4).

vi.    Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

PLAINTIFFS' COMPLAINT

vii.     Attempting to collect additional amounts not expressly authorized in agreement or by law in violation of 15 U.S.C. § 1692f(1).

viii.    Failing to, within five days after initial communication with Plaintiff in connection with the collection of a debt, to provide Plaintiff with written notice containing the amount of the debt, the name of the creditor to who the debt is owed, and advising her rights to dispute the debt, request validation of the debt, and the name and address of the original creditor, in violation of 15 U.S.C. § 1692g.

ix.     By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiffs, EDWARD AND ANDREA TARRANT, respectfully prays for a judgment as follows:

a.     All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.     Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, EDWARD AND ANDREA TARRANT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: April 2, 2010          KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (215) 540-8817
    Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT